25-945-cv
*Bautista v. Banks*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 27th day of February, two thousand twenty-six.

Present:
> AMALYA L. KEARSE,
> WILLIAM J. NARDINI,
> EUNICE C. LEE,
> *Circuit Judges*.

---

LEONARDA BAUTISTA, INDIVIDUALLY AND AS PARENT AND NATURAL GUARDIAN OF A.B.,

> *Plaintiff-Appellant,*

> v.                                                                25-945-cv

DAVID C. BANKS, IN HIS OFFICIAL CAPACITY AS THE CHANCELLOR OF THE NEW YORK CITY DEPARTMENT OF EDUCATION, NEW YORK CITY DEPARTMENT OF EDUCATION,

> *Defendants-Appellees.*

---

For Plaintiff-Appellant:                    RORY JUDE BELLANTONI (Kenneth Willard, Nicole Lancia, *on the brief*), Liberty & Freedom Legal Group, Ltd., New York, NY

For Defendants-Appellees:  SHANE MAGNETTI (Richard Dearing, Deborah A. Brenner, *on the brief*), *for* Muriel Goode-Trufant, Corporation Counsel of the City of New York, New York, NY

Appeal from a judgment of the United States District Court for the Southern District of New York (Andrew L. Carter, Jr., *District Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED** in part and **VACATED** in part and **REMANDED.**

Plaintiff-Appellant Leonarda Bautista, individually and as parent and natural guardian of A.B., appeals from a judgment of the United States District Court for the Southern District of New York entered on March 19, 2025. Bautista sued David C. Banks (in his official capacity as the Chancellor of the New York City Department Of Education) and the New York City Department of Education (together, "DOE") under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400 *et seq*., on the ground that her child A.B.'s right to a free appropriate public education ("FAPE") was violated when the DOE refused to reimburse her for the costs of 1:1 nursing services or transportation for the 2022–23 school year. The district court denied Bautista's motion for summary judgment and granted the DOE's cross-motion for summary judgment. Bautista now appeals. We assume the parties' familiarity with the case.

## I.    Background

Bautista is the mother of A.B., a minor child who has significant disabilities. Pursuant to the IDEA, a Committee on Special Education ("CSE") convened on May 26, 2021, and created an individualized education program ("IEP") for A.B., pursuant to which A.B. would receive public special education and services beginning on September 1, 2021. At the conclusion of the 2021–22 school year, however, Bautista unilaterally placed A.B. at a private school called the

2

International Institute for the Brain ("iBrain").  In accord with state regulations, Bautista filed a due process complaint ("DPC") seeking, *inter alia*, (a) an order declaring that the DOE failed to provide A.B. with a FAPE during the 2022–23 school year[1]; (b) a determination that iBrain was an appropriate placement for A.B.; (c) an order directing that the DOE pay iBrain 2022–23 tuition expenses, as well as the costs of related services, 1:1 nursing services, and a 1:1 paraprofessional; and (d) direct payment/prospective funding of special education transportation.  Under what is known as the *Burlington/Carter* test, a guardian may receive reimbursement for a child's private education if (1) the DOE failed to offer the student a FAPE, (2) the guardian's chosen school was appropriate, and (3) the equities favor the guardian's claim.  *See Sch. Comm. of Town of Burlington v. Dep't of Educ. of Mass.*, 471 U.S. 359, 369–70 (1985); *Florence Cnty. Sch. Dist. Four v. Carter ex rel. Carter*, 510 U.S. 7, 12–13 (1993); *Ferreira v. Aviles-Ramos*, 120 F.4th 323, 329 (2d Cir. 2024).[2]

The DOE did not appear at any of the hearings on the DPC before the state Impartial Hearing Officer ("IHO").  The IHO held that, in the absence of any defense of the IEP approved by the DOE for A.B., or an explanation of why the DOE's proposed placement was appropriate, A.B. had been denied a FAPE for the 2022–23 school year.  The IHO next analyzed whether the private placement was appropriate to A.B.'s needs.  Because the DOE again "did not contest the appropriateness of the unilateral placement" and the record clearly demonstrated that the unilateral placement was appropriate, the IHO concluded that this prong was also satisfied.  App'x at 32–33.  As relevant to the subsequent proceedings under review here, at the final hearing before the IHO, Bautista's counsel confirmed that the "total amount" Bautista was seeking was $267,097.60.

---

[1] Bautista also brought but subsequently dropped a claim premised on the 2021–22 school year.
[2] Unless otherwise indicated, when quoting cases, all internal quotation marks, alteration marks, emphases, footnotes, and citations are omitted.

$175,000 of the $267,097.60 figure was for iBrain tuition, including the cost of an individual paraprofessional and school nurse, and the remainder was for related services, identified as various types of individual and group therapy sessions per week and one session of parent counseling and training per month. Armed with that verbal confirmation, the IHO directed the DOE to fund the cost of A.B.'s 2022–23 placement at iBrain in the amount of $267,097.60. That sum did not include reimbursement for any transportation or 1:1 nursing costs.

Bautista appealed the IHO decision to a State Review Officer ("SRO") insofar as the award did not include funding for 1:1 nursing services or special transportation, as requested in her initial DPC. The DOE cross-appealed to the extent that the IHO's decision could be read as finding that 1:1 nursing services and special transportation were appropriate services to meet A.B.'s special education needs. The SRO held that the IHO did not err by declining to award transportation costs: Although Bautista's initial DPC requested funding for transportation costs, and a contract with a transportation service was included in the administrative record, Bautista's counsel did not pursue transportation costs during the IHO hearings and confirmed, in the final hearing, that the total amount of relief sought was $267,097.60, which did not include transportation costs. As the SRO explained, the IHO did not err by failing to comb through the hearing record *sua sponte* to determine what transportation costs Bautista was owed based on the daily rate set forth in the transportation contract, particularly in light of counsel's representation at the final hearing that the total amount sought was $267,097.60. The SRO also noted that other forms of relief requested in the DPC (albeit of a different, non-remunerative nature) were not pursued by Bautista at any point in the hearings or pursued on appeal.

As to 1:1 nursing costs, the SRO held that although the appropriateness of 1:1 nursing services for A.B. was discussed at multiple hearings before the IHO, the IHO did not err by

4

declining to find that Bautista was entitled to the cost of 1:1 nursing services for A.B.   The SRO

concluded that Bautista never demonstrated why A.B. needed 1:1 nursing services while at iBrain

on top of his dedicated paraprofessional and an iBrain school nurse, despite multiple opportunities

(and invitations) to do so.   The IHO hearing transcripts reveal that the IHO repeatedly explained

to Bautista's counsel why the documents submitted in support of A.B.'s need for both 1:1

paraprofessional and 1:1 nursing services failed to provide adequate evidence that both services

were needed.   Thus, reviewing the record afresh, the SRO concluded that evidence submitted to

substantiate A.B.'s need for the services of both a 1:1 paraprofessional and a 1:1 nurse was, on

balance, too vague "to support a finding that appropriate programming for the student included all

of the individual services the student was receiving."   App'x at 54.   Moreover, regardless of

whether such services were appropriate, the SRO stated there was little evidence that A.B. actually

received 1:1 nursing services for the 2022–23 school year, and even some evidence to the contrary:

a February 2023 iBrain progress report that listed a school nurse as one of A.B.'s providers, but

did not list an individual nurse.

Bautista brought this action against the DOE in district court asking for reversal of the

SRO's decision and an award of "direct funding for tuition, transportation, nursing, and related

services under the IDEA for A.B.'s placement at [iBrain] for the 2022-2023 extended school year."

App'x at 17.   Bautista also sought reimbursement for attorneys' fees and costs under the IDEA,

which allows a district court, in its discretion, to "award reasonable attorneys' fees as part of the

costs . . . to a prevailing party who is the parent of a child with a disability," including fees incurred

in relation to state administrative hearings.   20 U.S.C. § 1415(*i*)(3)(B)(i)(I); *A.R. ex rel. R.V. v.*

*New York City Dep't of Educ.*, 407 F.3d 65, 84 (2d Cir. 2005).   The parties filed cross-motions

for summary judgment, which in IDEA cases is "in substance an appeal from an administrative

5

determination, not a summary judgment motion." *Bd. of Educ. of Yorktown Cent. Sch. Dist. v. C.S.*, 990 F.3d 152, 165 (2d Cir. 2021). On review of such motions, a district court conducts "an independent review of the administrative record and makes a determination based on a preponderance of the evidence." *Id*. "In conducting such an independent review, courts must give due weight to the state administrative proceedings, mindful that the judiciary generally lacks the specialized knowledge and experience necessary to resolve persistent and difficult questions of educational policy." *Id*.

The district court upheld the SRO's decision, agreeing with the SRO's conclusion that Bautista failed to adequately support the claim that appropriate programming for A.B. included 1:1 nursing services and that there was insufficient evidence that such services had actually been rendered. The district court also affirmed the SRO's refusal to award transportation costs because Bautista failed to pursue those costs in the hearings before the IHO. The district court noted on page 2 of its decision that Bautista had requested attorneys' fees in her initial complaint, but it did not later address that claim.

## II. The SRO Did Not Erroneously Deny Reimbursement for 1:1 Nursing and Transportation Services

We review the district court's grant of summary judgment *de novo*. *A.C. ex rel. M.C. v. Bd. of Educ. of the Chappaqua Cent. Sch. Dist.*, 553 F.3d 165, 171 (2d Cir. 2009). Upon our independent review of the record, we too uphold the SRO's decision. Bautista failed to present the state hearing officers with any competent medical evidence supporting her claim for 1:1 nursing services for A.B. despite the IHO's clear articulation of the sort of evidence that would satisfy this burden. Although Bautista attempted to introduce additional evidence before the district court, the district court declined to permit the admission of this new evidence, and Bautista has failed to challenge this portion of the district court's ruling here. Accordingly, based on the

record before the SRO, we see no basis to disturb the SRO's conclusion that Bautista failed to demonstrate that 1:1 nursing services were needed to fulfill the DOE's obligations under the IDEA or had in fact been provided. And, as to transportation services, we agree that Bautista forfeited this claim by failing to pursue it before the IHO (and by affirmatively representing that she was not seeking any costs in excess of the $267,097.60 to be paid to iBrain), rendering it unexhausted under the IDEA. *See J.M. v. New York City Dep't of Educ.*, 161 F.4th 149, 154 (2d Cir. 2025). Accordingly, we affirm the district court's decision on Bautista's IDEA claims for reimbursement for 1:1 nursing services and transportation.

### III. The Case is Remanded to Permit the District Court to Analyze Bautista's Claim for Attorneys' Fees

The IDEA authorizes a court to award reasonable attorneys' fees to a prevailing party in any action or proceeding brought under the statute, including administrative proceedings. 20 U.S.C. § 1415(*i*)(3)(B)(i)(I); *A.R.*, 407 F.3d at 75. Bautista moved for summary judgment on her claim for attorneys' fees in connection with her state administrative appeal, but the district court failed to rule on this aspect of her motion. We therefore remand this case to the district court to permit it to determine whether and to what extent Bautista was the "prevailing party" in the state administrative proceedings and to calculate an appropriate award, if applicable, under the lodestar method. *See id*. at 79.

\*　　\*　　\*

7

For the foregoing reasons, the judgment of the district court is **AFFIRMED** in part and **VACATED** in part and **REMANDED** for further proceedings consistent with this order.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk